**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Reysla Lopes Ubagai,

Petitioner,

v.

Kristi Noem, et al.,

Respondents.

No. CV-26-04376-PHX-KML

**ORDER**

On June 22, 2026, petitioner Reysla Lopes Ubagai filed a petition for a writ of habeas corpus challenging her current immigration detention. (Doc. 1.) Ubagai, a citizen of Brazil who overstayed her visa in 2017, attacked her detention on five grounds. (Doc. 1 at 2, 4.) Grounds One, Four, and Five rely on Ubagai's assertion that she was entitled to, but had not received, a bond hearing. (Doc. 1 at 13-14, 16-17.) Grounds Two and Three raise prolonged detention claims based on *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 at 14-15.) Ubagai's petition also asserted conditions-of-confinement claims that are not cognizable in a habeas proceeding, *see Muhammad v. Close*, 540 U.S. 749, 750 (2004), challenged the merits of an apparent denial of immigration relief, and—contradicting Grounds One, Four, and Five—raised arguments that suggested she *had* been given a bond hearing but did not like the result. (Doc. 1 at 2, 5-9, 18-21.) Respondents answered the petition within the expedited timeline established by D. Ariz. Gen. Order 26-09. (Doc. 6.)

Respondents argued (and provided evidence showing) that after Ubagai was released on an ankle monitor in New Jersey, her supervision was terminated and she was

re-detained because she was charged with aggravated assault causing bodily injury with a deadly weapon and other crimes. (Doc. 6 at 1.) Respondents noted Ubagai had been given a bond hearing on November 6, 2025, but the immigration judge ("IJ") had denied bond based on Ubagai being a danger. (Doc. 6 at 2.) They attached the IJ's six-page bond-denial memorandum (Doc. 6-2 at 2-7) and a 2024 Interpol red notice seeking Ubagai's extradition to Brazil as a fugitive (Doc. 6-3). Respondents also argued *Zadvydas* does not apply because Ubagai is not yet subject to a final order of removal. (Doc. 6 at 2-3.)

The IJ's bond denial memorandum described multiple reasons for denying bond due to the danger Ubagai posed if released from custody. (Doc. 6-2.) The IJ described the circumstances underlying Ubagai's May 2026 New Jersey aggravated assault conviction, including that she slapped one victim "across the face causing redness and pain" and struck the second victim, a nine-year-old boy, with a stainless steel cup that caused him "a large laceration above the left eye." (Doc. 6-2 at 3.) The IJ also recounted seven other times Ubagai had been arrested between 2018 and 2024, recognizing several of those charges had been dismissed. (Doc. 6-2 at 4.) The IJ—who also adjudicated the merits of Ubagai's removal proceedings (Doc. 10 at 3)—discussed her Brazil conviction, too, quoting from an exhibit introduced at the bond hearing:

> At the scene, there was an argument between [Respondent and the victim], after which [Respondent] locked the room, preventing the victim from leaving, and, in a premeditated manner, armed herself with a certain amount of boiling water and a wooden stick. Then, suddenly, using cruel means that made it impossible for the victim to defend herself, [Respondent] reappeared in that environment and threw high-temperature water at [the victim's] face, and the boiling liquid also hit part of her chest. Not satisfied, [Respondent] also struck the victim several times with a wooden stick. The victim managed to run away.
>
> The violence perpetrated by [Respondent] caused the victim to suffer second degree burns over a large area of her body, rendering her incapable of her usual occupations for more than thirty days. In addition, the boiling water thrown at [the victim] by [Respondent] caused her to suffer an incurable illness and to lose her senses [and] hearing earing [sic] in the left ear. The military police were called, but when they tried to approach [Respondent],

> she resisted arrest, locked herself inside her home and refused to open the door.

(Doc. 6-2 at 5.) Ubagai was ultimately sentenced to two-and-a-half-years for that Brazilian conviction (Doc. 6-2 at 5), which underlies the Interpol Red Notice (Doc. 6-3 at 3).

After that response, Ubagai moved to amend her petition to assert pre-supervision-revocation procedural due process claims. (Doc. 7) She also replied regarding her original petition, attacking the convictions forming the bases for the IJ's bond denial and the Interpol Red Notice (Doc. 8 at 3-8, 11-12.) She also attempted to file a Notice of Appearance on behalf of her immigration attorney (Doc. 7 at 2) and twice moved to accelerate the District's standard schedule for habeas corpus petitions (Docs. 9, 10).

A petitioner bears the burden of showing she is entitled to a writ of habeas corpus. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case."). Ubagai has not met that burden.

First, Grounds One, Four, and Five of Ubagai's petition all rely on the assertion that she did not receive a bond hearing. Respondents' evidence shows that premise is false; Ubagai received a bond hearing in November 2025 and the IJ denied bond not because he lacked jurisdiction but because, on the merits, Ubagai's criminal history showed she posed a danger if released. Ubagai tries to collaterally attack the convictions underlying the IJ's bond denial, but her current habeas petition is not the correct vehicle for doing so.[1] *See Al-Najar v. Mukasey*, 515 F.3d 708, 714-15 (6th Cir. 2008) (collecting cases holding that alien petitioners may not collaterally attack criminal convictions through habeas petitions challenging their immigration proceedings). To the extent Ubagai asks this court to reweigh the factors underlying the IJ's decision, it cannot do so. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (in the context of a dangerousness determination, federal courts "cannot reweigh evidence" and "can only determine whether the [immigration court]

---

[1] Ubagai's collateral attacks also have the facts wrong. For example, Ubagai's reply claims the New Jersey judge "dismiss[ed] the charges" on which the IJ relied. (Doc. 8 at 3.) Her own attachment shows she pleaded guilty to the charges and was convicted on the aggravated assault count as amended. (Doc. 8 at 25.)

applied the correct legal standard") (simplified). Although the court *could* review questions of law related to the bond decision, there are no "red flags" in the IJ's ruling so he is "take[n] . . . at [his] word." *Id*. at 785-86.

The remaining grounds for Ubagai's petition are based on the equally-false premise that *Zadvydas* applies because Ubagai is currently detained after a final order of removal. Respondents assert that Ubagai's appeal of the IJ's merits order remains pending, so there is no final order of removal. (Doc. 6 at 2.) Ubagai's later filings support that her BIA appeal remains pending. (*See* Doc. 10 at 2-30 (attaching BIA merits appeal brief).) *Zadvydas* does not apply where, as here, there is no final order of removal. *See Demore v. Kim*, 538 U.S. 510, 527-28 (2003). And this court lacks jurisdiction to review the merits of the IJ's removal order as Ubagai sometimes appears to request (*e.g.* Docs. 1 at 8; 10). *See* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal[.]"); *Momeni v. Chertoff*, 521 F.3d 1094, 1095 (9th Cir. 2008) ("a district court plainly lacks habeas jurisdiction over challenges to removal orders") (simplified). None of the grounds Ubagai asserted in her original petition merit habeas relief.

Ubagai's motion to amend seeks to raise an additional procedural due process challenge to the revocation of her release. (Doc. 7 at 1.) But even though she filed her motion to amend a week after respondents showed why her release was revoked on May 3, 2025 (Doc. 1 at 8)—*i.e.*, her April 26, 2025 New Jersey aggravated assault charges (Doc. 8 at 25)—Ubagai failed to address those charges as the basis for her re-detention. (*See* Doc. 7 at 1.) Her motion to amend is therefore granted, but her petition as amended is denied.

Accordingly:

(1) Petitioner's motion to amend (Doc. 7) is **granted**.

(2) As amended, Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is **denied**.

/

(3) All pending motions (Docs. 9, 10) are **denied as moot.** The Clerk of Court must enter judgment in Respondents' favor and close this case.

Dated this 20th day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**